Alvin H. FRANKEL, Administrator of the Estate of Gregory J. Gallagher, Deceased, Appellant,

v.

BURKE'S EXCAVATING, INC.

Alvin H. FRANKEL, Administrator of the Estate of Alan D. Wylie, III, Deceased, Appellant,

v.

BURKE'S EXCAVATING, INC.

Nos. 16769, 16770.

United States Court of Appeals Third Circuit.

Argued March 5, 1968.

Decided June 17, 1968.

See also D.C., 223 F.Supp. 945.

Gordon W. Gerber, Dechert, Price & Rhoads, Philadelphia, Pa., for appellant in both cases.

James J. McEldrew, Cole, McEldrew, Hanamirain & McWilliams, Philadelphia, Pa., for appellee in both cases.

Before HASTIE, Chief Judge, and SEITZ and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

These diversity actions were brought to recover damages resulting from the tragic deaths of two young boys who fell through the ice on an unused water hole located near the center of defendant-corporation's 44 acre property. These actions were consolidated below and will here be referred to as the "case". The district court deferred ruling on defendant's motion for a directed verdict and submitted the case to the jury on special interrogatories. The jury's answers to the interrogatories compelled entry of judgment for the defendant. Thereafter, the district court denied plaintiffs' motion for a new trial and also noted that, in any event, the defendant's motion for a directed verdict should have been granted. Frankel v. Burke's Excavating, Inc., 269 F.Supp. 1007 (E. D., Pa.1967).

By their evidence the plaintiffs sought to bring their case within the following provisions of the Restatement of Torts, 2d:

"§ 339, Artificial Conditions Highly Dangerous to Trespassing Children

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."

At the close of the evidence the jury answered special interrogatories in the following manner:

"1. On the date of the accident, was the location of the accident a place where the defendant knew or should have known that young children were likely to trespass? No.

"2. On the date of the accident, did the water hole as it then existed present an unreasonable risk of death or serious bodily harm to young children trespassers? No.

"3. If your answer to question two is yes, did the defendant know or realize or should have known or realized that this unreasonable risk existed? No.

"4. Did the defendant fail to exercise reasonable care to eliminate the danger or otherwise to protect the children? No.

"5. Were the children who drowned unaware of the danger and risk involved in going out on the ice on this pond? Yes."

Since the jury answered four of the interrogatories pertinent to the Restatement Rule in the negative, its action was conclusive in the absence of prejudicial trial error. The plaintiffs' appeal is quite naturally directed to such alleged errors.

■ The principal alleged evidentiary error, in our view, concerns the district court's rejection of plaintiffs' offer to read into evidence defendant's answers to two of plaintiffs' interrogatories. These interrogatories were as follows:

"25. Describe by date, nature of activity and the names and addresses of all persons participating, each and every activity authorized by defendant on the premises involved in this accident from and after defendant acquired title thereto."

"36. State approximately how many officers, stockholders and employees of defendant passed or entered upon the property involved in this accident:

(a) On an average per day;

(b) On an average per week;

(c) On the particular day of the accident, prior to its occurrence;

(d) During the month prior to the occurrence of the accident in suit."

The trial court sustained defendant's objections to these offers because it felt that the questions spoke generally to the property involved in the accident, and did not make it clear whether plaintiffs were talking about the entire property or just the site of the water hole.

We need not decide whether the ruling was correct, and if not, whether it was harmless in view of other evidence on these points. We say this because the offered material did not relate to the issue to be resolved by the jury in answering interrogatory 2. And the jury answered that interrogatory in the negative. Since plaintiffs had to obtain an affirmative answer to all the interrogatories in order to be successful, the assumed error was not prejudicial unless there is merit to plaintiffs' contention that the ruling poisoned the jury's an-

swer to interrogatory 1 and thus to the other interrogatories which were answered in the negative. We consider that contention. Their counsel says that once interrogatory 1 was answered in the negative, "no" answers to interrogatories 2, 3 and 4 were inevitable. His reasoning as to interrogatory 2 is that "If defendant had no reason to believe that children were likely to trespass at the location of the accident (question 1) then, of course, the place could not present an unreasonable risk of harm to such non-existent trespassing children (question 2) * * *." We do not think the negative answer to interrogatory 1 controlled the answer to interrogatory 2. Interrogatory 1 related to defendant's knowledge, actual or constructive, as to the likelihood that young children would trespass on the accident site. Clearly a finding of lack of such knowledge did not, either in logic or in law, dictate a negative answer to interrogatory 2. We say this because the latter interrogatory called for an answer based on an objective evaluation of the water hole. As the trial judge's instructions concerning interrogatory 2 made clear, the jury's consideration in answering it was to be directed primarily to the "actual physical surroundings" of the water hole.

Thus, contrary to plaintiffs' contention, the answer to interrogatory 2 did not turn on a finding as to the absence or existence of trespassing children. Assuming then, that the rejected evidence was relevant, inter alia, to the issue posed by interrogatory 1, we are satisfied that it was not relevant in answering interrogatory 2 and thus its rejection could not have impugned that answer. In an analogous situation, the Court of Appeals for the Second Circuit held that any error in the trial court's refusal to admit exhibits offered by plaintiff, which had no bearing on answers to special interrogatories which required judgment for the defendant, could not constitute prejudicial error. Larson v. General Motors Corporation, 148 F.2d 319, 322, cert. denied, 326 U.S.

**170**

745, 66 S.Ct. 34, 90 L.Ed. 445 (1945). But even assuming the defendant's answers should have been admitted, it is not apparent to us how this evidence would enhance plaintiffs' position regarding interrogatory 2.

Plaintiffs next assign as error the rejection, early in the trial, of post-accident photographs of the area as well as testimony explaining such photographs. These photographs admittedly reflected post-accident alterations in the property. The fact is that the district court eventually admitted the photographs into evidence. It did limit testimony concerning them to an explanation as to whether they accurately reflected the scene at the date of the accident. We think the alleged errors, if such, were harmless, particularly in view of the "curative" action taken by the trial court and the substantial evidence introduced concerning the property.

Plaintiffs' counsel also objects to the trial court's refusal to permit him to read into evidence the defendant's answers to interrogatories showing its cost and burden in later eliminating the water hole. There are two answers to this contention. First, in its instructions to the jury, the trial court in effect gave binding instructions in plaintiffs' favor regarding the issue to which this evidence related. Second, the evidence was in any event not relevant to some of the special interrogatories decided by the jury in favor of the defendant.

Plaintiffs raise many objections to the charge. However, counsel took no exceptions as required by F.R. Civ.P. 51. Consequently they cannot be considered unless fundamental error is found. Reading the charge in its entirety, we find no such error in the use of the language to which objection is now taken. Similarly, although given the opportunity, counsel for plaintiffs did not object to the wording of the written interrogatories directed to the jury. These objections come too late.

We find that the other alleged errors are either without merit for the reasons given in the opinion below or because they were harmless at best.

Since the jury verdict was not based on any substantial trial error, it must stand. This conclusion renders it unnecessary to consider plaintiffs' attack on the district court's ruling that the motion for a directed verdict should have been granted.

The judgment of the district court will be affirmed.